UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT ERVIN TAYLOR,

                Petitioner,                        Case No. 2:14-cv-14107
                                                          Hon. George Caram Steeh

v.

CARMEN PALMER,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND GRANTING A CERTIFICATE OF APPEALABILITY**

This is a habeas case brought by a state prisoner.  On April 21, 2010, Petitioner was sentenced to 25-to-50 years in prison for his Washtenaw Circuit Court conviction of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b. The petition raises three claims: (1) Petitioner was denied the effective assistance of counsel, (2) there was insufficient evidence presented at trial to support his conviction, and (3) the trial court erred in failing to grant a new trial after the complainant recanted her trial testimony. Petitioner acknowledges that his petition was filed after expiration of the one-year statute of limitations, but he asserts that he entitled to equitable tolling because his state postconviction counsel misadvised him of the filing deadline. For the reasons stated below, the petition nevertheless will be dismissed for failure to comply with the statute of limitations.

**I. Background**

Following his conviction and sentence, Petitioner filed an appeal by right in the Michigan Court of Appeals. The court of appeals affirmed in an unpublished opinion.

-1-

*People v. Taylor*, No. 298183 (Mich. Ct. App. Sept. 22, 2011). Petitioner sought to appeal this decision in the Michigan Supreme Court, but his application for leave to appeal was denied. *People v. Taylor*, No. 143901 (Mich. Sup. Ct. Mar. 21, 2012). The time for Petitioner to seek certiorari in the United States Supreme Court expired on Monday, June 20, 2011. The period of limitation for filing his federal habeas petition started running on the next day, June 21, 2011. See 28 U.S.C. §2244(d)(1)(A).

Petitioner hired attorney Nicole Childers to file a post-judgment motion for relief from judgment in the trial court.  According to the petition, the motion was filed on March 21, 2013, 274 days into the limitations period.  The trial court issued its opinion denying the motion on October 24, 2013, and it was filed by the clerk's office on October 30, 2013.  According to a letter from attorney Childers attached as an exhibit to the petition, Petitioner was advised that he had one-full year after the trial court ruled on the motion for relief from judgment to file his federal habeas petition, or until October 24, 2014. See  ECF No. 1-2, p. 47.  Petitioner sent a message to attorney Childers, forwarded by his mother in an e-mail dated January 2, 2014.  Petitioner asked Childers whether he had to appeal the denial of his motion for relief from judgment through the state appellate courts before filing his federal habeas petition, as his own legal research suggested.  Petitioner also stated his understanding that the period of limitations would "stop" while he pursued such an appeal.  See ECF No. 1-3, p. 52.  Nevertheless, Petitioner never appealed the denial of his motion for relief from judgment.

Petitioner's current counsel states that he was retained by Petitioner on October 23, 2014, the day before Petitioner understood the statute of limitations was set to expire. Counsel admirably drafted the current petition and brief and was able to file it the

very next day, October 24, 2014. The petition recognizes that it was untimely filed, but it argues that Petitioner is entitled to equitable tolling due to attorney Childer's erroneous advice.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006). Normally the Court will order a Petitioner to show cause why a petition was untimely filed before deciding whether the petition should be summarily dismissed, but in this case Petitioner has fully briefed the issue.

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA's one-year limitations period is tolled when a prisoner seeks collateral review of his conviction in state court. *Wall v. Kholi*, 131 S. Ct. 1278, 1282, 179 L. Ed. 2d 252 (2011)("the 1-year limitation period is tolled during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' § 2244(d)(2)"). Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner readily admits that the petition was untimely filed, but that fact is not obvious. The beginning of the calculation is straightforward. The period of limitations began running on June 21, 2011, the day after the period for seeking review in the United States Supreme Court ended. *Gonzalez v. Thaler*, 132 Sup.Ct. 641; 181 L.Ed.2d 619 (2012). It continued to run for a period of 274 days until Petitioner filed his motion for relief from judgment in the trial court. § 2244(d)(2).

The second leg is more problematic. There is a question whether the period of limitations began to run again the day after the trial court denied the motion for relief

from judgment, or whether it continued to toll during the period Petitioner could have, but did not, appeal the trial court's order. In *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002), the Supreme Court explained that an application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." This holding would seem to suggest that the limitations period began running when the trial court issued its order because there was no continuance of the postconviction review process after that date. But many courts nevertheless have found that the period of tolling continues until the time for seeking postconviction review lapses, whether it was sought or not. See *Ward v. Burt*, 2013 U.S. Dist. LEXIS 53148, 5-6 ( E.D. Mich. Apr. 12, 2013) (collecting cases).

It is difficult to square the position taken by these other Circuit Courts, however, with *Carey*, which held that the time that an application for state postconviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided* that the filing of the notice of appeal is timely under state law. See *Evans v. Chavis*, 546 U.S. 189, 191 (2006). Here, there was no timely filing of an appeal from the trial court's order, so it is difficult to characterize the time an appeal could have been taken, but was not, as a period in which the proceeding was "pending."

In light of *Saffold* and *Evans*, the Court finds that the limitations period began running again the day after the trial court denied postconviction relief. After that point there simply was no petition for postconviction review pending in the state courts. The

period then continued to run until Petitioner filed his habeas petition, a period of 364 days. Adding the two periods together, 638 days, or well more than one year elapsed on the limitations period.

The petition is therefore time barred unless Petitioner demonstrates grounds for equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560; 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.*

Petitioner asserts that he entitled to equitable tolling because of his postconviction counsel's erroneous advice that he had a whole year after the trial court issued its order on his motion for relief from judgment to file his habeas petition.

The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's pro se status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness").

Likewise, errors by postconviction counsel in advising Petitioner about statute of limitations calculations do not provide a basis for equitable tolling of the limitations

-6-

period. Because "mistakes of counsel are constructively attributable to the client," garden-variety errors by counsel are "'not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.'" *Holland*, 560 U.S. at 656 (Alito, J., concurring in part and dissenting in part) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)).

That is not to say that the conduct of postconviction counsel cannot ever provide grounds for equitable tolling.  "Extraordinary" or "egregious" attorney conduct, such as actively hindering a prisoner's ability to file–such as erroneously informing a prisoner that his habeas petition has been filed when it has not–may justify equitable tolling, see *Holland*, 560 U.S. at 651-52. Likewise, illicit drug use by an attorney which clouds their professional judgment might qualify. See *Robertson v. Simpson*, 624 F.3d 781, 784-785 (6th Cir. 2010).

But attorney Childers's incorrect advice is not the sort of extraordinary or egregious conduct justifying  equitable tolling. See *Lawrence*, 549 U.S. at 336 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling.");*Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (equitable tolling not appropriate if petitioner's attorney is negligent in not ascertaining the filing deadline); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (attorney's misreading of AEDPA did not require equitable tolling); *Lott v. Prelesnik*, 2012 U.S. Dist. LEXIS 40820, 2012 WL 1029217, * 5 (W.D. Mich. March 26, 2012).

Moreover, despite his attorney's mistake, Petitioner was nevertheless less than

diligent. In particular, Petitioner's communication to his attorney indicated that he conducted his own legal research and (correctly) determined that he was required to appeal the denial of his postconviction motion through the state appellate courts, and that if he had, the limitations period would have been tolled for that period. This communication occurred on January 2, 2014. At that point, Petitioner certainly had good reason to suspect a problem, but yet he waited until the day before Childers's incorrect deadline to retain his current attorney. This long span of time with no attempt by Petitioner to pursue his rights suggests a lack of diligence. See *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (petitioner's failure to pursue his rights in five month period in which he still had time to file habeas petition "suggests a lack of diligence"). Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling of the limitations period. The petition will therefore be denied as untimely.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial

-8-

of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Having undertaken the requisite review, the Court concludes that, in rulings to the contrary, jurists of reason would certainly find the court's procedural ruling that the petition is untimely debatable. In particular, reasonable jurists would debate whether the statute of limitations was tolled under §2244(d)(2) during the period Petitioner could have, but did not, appeal the trial court's order denying him postconviction relief.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED.**

**IT IS FURTHER ORDERED** that a copy of this opinion and order by served upon the Michigan Attorney General, Appellate Division.

Dated:  November 24, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 24, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk